THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAVEL ALEXANDER KONDRATYUK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-0528-JCC<br><br>ORDER DENYING 28 U.S.C. § 2255 MOTION |

This matter comes before the Court on Petitioner Pavel Alexander Kondratyuk's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

Pavel Alexander Kondratyuk ("Kondratyuk") is a Russian citizen and legal permanent resident of the United States. (Dkt. No. 1-1 at 1–2.) He brings this action under 28 U.S.C. § 2255 to vacate his judgment and sentence in a criminal counterfeiting case. Section 2255 provides a vehicle for federal prisoners to seek post-conviction relief when, among other things, their sentence was imposed in violation of their constitutional rights. 28 U.S.C. § 2255 (2012).

On August 19, 2014, Kondratyuk pled guilty to Conspiracy to Utter Counterfeit Obligations or Securities. (Dkt. No. 7 at 6.) Prior to pleading guilty, Kondratyuk received advice from his trial counsel ("Trial Counsel") regarding the effects of a guilty plea on his immigration status. Trial Counsel informed him that pleading guilty would place him in removal proceedings, and advised him to go to trial and seek acquittal if he wished to avoid deportation. (Dkt. No. 9-1 at 18 and 20.) Further, Trial Counsel informed Kondratyuk that, because he was pleading guilty to an aggravated felony, relief from removal would be very limited. (Dkt. No. 1-1 at 19; Dkt. No. 9-1 at 18.) Finally, he urged Kondratyuk to contact an immigration attorney to receive more accurate advice regarding the effects of a guilty plea on his immigration status. (Dkt. No. 9-1 at 18.)

On November 25, 2014, this Court sentenced Kondratyuk to 12 months in prison and three years of supervised release. (*Id*. at 7.) Because Kondratyuk did not file an appeal within 14 days of this sentencing, his conviction became final on December 9, 2014. *See* Fed. R. App. P. 4(b)(1)(A); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (where a defendant does not file an appeal, conviction is final after deadline to appeal passes). Having served his sentence, Kondratyuk faces deportation. (Dkt. No. 1-1 at 3.) Kondratyuk now moves the Court to vacate his conviction under § 2255, and alleges Trial Counsel violated his Sixth Amendment rights by providing constitutionally ineffective legal assistance. Specifically, Kondratyuk alleges Trial Counsel erroneously advised that he "would not be eligible for Cancellation of Removal if sentenced to over a year." (Dkt. No. 1–1 at 19.) Kondratyuk argues this statement is inaccurate because a sentence of exactly 12 months, not more than twelve months, heightened his offense to an aggravated felony, making him ineligible for Cancellation of Removal. (*Id*. at 15.) Further, in a letter dated August 12, 2014, Trial Counsel incorrectly

ORDER DENYING 28 U.S.C. § 2255 MOTION
PAGE - 2

stated that, while Kondratyuk was pleading guilty to an aggravated felony, he would still be eligible for Asylum.[1]

## II. DISCUSSION

### A. Legal Standard

A prisoner's ability to bring a § 2255 motion is limited by a one-year statute of limitations. 28 U.S.C. § 2255(f). Section 2255(f) provides, in relevant part, that the one-year statute of limitations runs from the later of either the date on which a prisoner's conviction becomes final or the date on which facts supporting their claim could have been discovered through the exercise of due diligence. *Id.*

The Government contends that Kondratyuk was required to file a motion to vacate his conviction pursuant to § 2255(f)(1) within one year of the day his conviction became final, or December 9, 2014. (Dkt. No. 7 at 9–10.) Because Kondratyuk did not file a motion to vacate his conviction until April 13, 2016—more than four months after the one-year statute of limitations period had passed—the Government alleges that Kondratyuk's motion is untimely under § 2255(f)(1). (*Id.* at 11.) However, Kondratyuk argues the one-year statute of limitations should start running pursuant to § 2255(f)(4) within one year of the "date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Dkt. No. 1–1 at 10.)

Kondratyuk alleges that "he received incorrect advice about the immigration consequences of his guilty plea from his attorney," and that this incorrect advice constitutes the discovery of new facts under § 2255(f)(4). (Dkt. No. 1–1 at 2-3; Dkt. No. 1-1 at 10–11.)

---

[1] The record clearly establishes this information was inaccurate.

ORDER DENYING 28 U.S.C. § 2255 MOTION
PAGE - 3

Kondratyuk further contends that because he only became aware of these misrepresentations after he was released from custody on May 21, 2015, the statute of limitations under § 2255 began to run on May 21, 2015, at the earliest. (*Id.* at 10.) Thus, according to Kondratyuk, his motion under § 2255 is timely. (*Id.*)

### B. Kondratyuk's Claims

#### a) New Facts Under § 2255

The plain language of § 2255(f)(4) "makes clear that appellants must show the existence of a new fact." *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006); s*ee also Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 2890, 192 L. Ed. 2d 925 (2015). A "lawyer's failure to advise his client concerning a critical consequence of conviction can be a 'fact' supporting a claim of ineffective assistance of counsel." *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). "Critical consequences of conviction" may include immigration proceedings. *United States v. Rodriguez-Trujillo*, 2013 WL 1314247, at *3 (D. Idaho Mar. 28, 2013). However, a lawyer's failure to advise must result in new or newly discovered factual information, not simply a change in understanding of the legal significance of previously known facts. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).[2] Thus, the statute of limitations under § 2255(f)(4) "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).[3]

---

[2] *Owens* was brought by a state prisoner under 28 U.S.C. § 2254. However, § 2254 and § 2255 are "almost identical. . .and the Supreme Court has interpreted the statute-of-limitations provisions of § 2244 and § 2255 in concert with one another. *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

[3] *Hasan* was brought by a state prisoner under 28 U.S.C. § 2254.

ORDER DENYING 28 U.S.C. § 2255 MOTION
PAGE - 4

Prior to pleading guilty, Kondratyuk knew the same relevant facts underlying his habeas petition as he knows today. Kondratyuk knew that he was not an American citizen, that he was pleading guilty to an aggravated felony, and that this plea would result in immigration consequences. *See United States v. Cazarez-Santos*, 66 F. Supp. 3d 1301, 1306 (S.D. Cal. 2014) (appeal pending). While Trial Counsel provided erroneous advice regarding those immigration consequences, his statements do not qualify as new facts within the meaning of § 2255(f)(4). Instead, they constitute Trial Counsel's legal interpretation, however imperfect, of already existing facts underlying Kondratyuk's case. *See Id.* at 1305–1306. The fact that Kondratyuk did not realize the exact "legal significance of those facts until later makes no difference." *Id.* at 1305.

Kondratyuk's discovery that his Trial Counsel's statements were inaccurate does not amount to discovery of new facts under § 2255(f)(4). Accordingly, Kondratyuk was required to submit his motion within one year of December 9, 2014, the date his conviction became final. Kondratyuk filed his motion on April 13, 2016, thus it is untimely.

  b)  **Due Diligence Under § 2255**

Kondratyuk's § 2255 motion is further barred by both (1) his failure to file it within one year of the date when he could have discovered the facts pertaining to his claim, as well as (2) his failure to exercise due diligence in discovering those facts.

Under § 2255(f)(4), the statute of limitations in an ineffective assistance of counsel claim begins to run when a petitioner could have discovered the facts pertaining to his claim through the exercise of due diligence. *Hasan*, 254 F.3d at 1154. Thus, the date when a petitioner actually discovers the existence of new factual information is irrelevant if, by exercising due diligence, he could have discovered those facts earlier. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir.

2012).[4] "The dependence of the statute of limitations on the petitioner's exercise of due diligence is equivalent to a rule of 'inquiry notice.'" *Clarke*, 703 F.3d at 1100. Informing a defendant that a guilty plea will affect their immigration status puts them on inquiry notice. *See Id*. Under § 2255(f)(4), when a defendant challenges the effectiveness of advice regarding the immigration consequences of a guilty plea, their "duty of diligent inquiry" arises on the day they plead guilty. *Id*.

Kondratyuk's duty of diligent inquiry arose when he pled guilty on August 19, 2014. Prior to Kondratyuk entering his plea, Trial Counsel informed him of the potential immigration consequences of doing so. Trial Counsel told Kondratyuk that a guilty plea would likely lead to removal from the United States, and that he could "make no guarantees as to what sentence the Judge will impose." (Dkt. No. 1-1 at 19). Further, he advised him to contact an immigration attorney to receive more accurate advice. Trial Counsel did not tell Kondratyuk "not to worry—he wouldn't be removed if he pleaded guilty." *Clarke*, 703 F.3d at 1101 (determining that such a statement would negate defendant's duty of due diligence). Instead, he explicitly told Kondratyuk to inquire further, and that removal was likely under the circumstances. (Dkt. No. 9-1 at 18–20.) He "did not mislead [him]. . . while the lawyer could have been more precise, he said enough to put [him] on notice, and that defeats [his] postconviction challenge." *Clarke*, 703 F.3d at 1101. Thus, the statute of limitations for Kondratyuk's ineffective assistance of counsel claim under § 2255(f)(4) began to run when he pled guilty on August 19, 2014. Because Kondratyuk did not file his motion within a year of that date, his motion is untimely.

Finally, Kondratyuk failed to act with due diligence to ascertain the significance of a guilty plea on his immigration status. Under § 2255(f)(4), due diligence "does not require the

---

[4] *Ford* was brought by a state prisoner under § 2254.

maximum feasible diligence," but simply reasonable diligence under the circumstances. *Ford*, 683 F.3d at 1235. While Trial Counsel informed Kondratyuk of the adverse consequences of a guilty plea and suggested he seek further information, (Dkt. No. 9-1 at 18–20), Kondratyuk failed to do so; he did not contact an attorney or endeavor to gain more information on the matter until after he was released from custody on May 21, 2015. (Dkt. No. 1-1 at 16.) Failing to act in any capacity does not constitute reasonable diligence under the circumstances. *See Clarke*, 703 F.3d at 1100. Therefore, Kondratyuk failed to act with due diligence, and § 2255(f)(4) does not extend the one-year statute of limitations.

Kondratyuk's motion does not meet the requirements of § 2255(f)(4), thus he was required to file his motion within one year of when his conviction became final on December 9, 2014. Because Kondratyuk failed to do so, his motion is untimely and barred by § 2255's one-year statute of limitations.

### c) Kondratyuk's Substantive Claims

The Court is sympathetic to the situation Kondratyuk is facing. However, even if the Court were to determine that his § 2255 motion was not barred by the one-year statute of limitations, his claim for ineffective assistance of counsel fails to meet the standards set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Per *Strickland*, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 770–771 (1970)). A convicted defendant must show that, in light of all the circumstances, "counsel's representation fell below an objective standard of

reasonableness." *Id*. at 688. Further, "judicial scrutiny of counsel's performance must be highly deferential." *Id.*

Trial Counsel repeatedly warned Kondratyuk that pleading guilty would result in immigration consequences, and that removal from the United States was likely. While he admittedly offered erroneous advice as to what relief from removal would be available to Kondratyuk, he indicated on several occasions that such relief would be very limited. Further, he urged Kondratyuk to contact an immigration attorney to receive more accurate advice. Thus, in light of all the circumstances, the Court cannot conclude that Trial Counsel's advice fell below the objective standard of reasonableness required by *Strickland*.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Dkt. No. 1) is DENIED.

DATED this 25th day of July 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE